512 So.2d 901 (1987)
VICKSBURG REFINING, Inc.
v.
ENERGY RESOURCES, LTD. 1977-A, Energy Resources, Ltd. 1977-B and Legard Oil and Gas 1977-3.
No. 57528.
Supreme Court of Mississippi.
September 2, 1987.
*902 Gail S. Akin, R.E. Parker, Jr., Varner, Parker & Sessums, Vicksburg, for appellant.
W. Whitaker Rayner, Neil P. Olack, Watkins, Ludlam & Stennis, Jackson, James H. Hedden, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for appellees.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Vicksburg Refining, Inc. (VRI) appeals from an order of the Circuit Court of Warren County imposing two hundred twenty-one dollars ($221.00) in sanctions upon its attorney for abuse of court processes. We affirm.
On March 24, 1986, a judgment was entered against VRI in favor of appellees in the Court of Common Pleas of Portage County, Ohio. That judgment was enrolled in the Circuit Court of Warren County on April 8, 1986. On May 7, 1986, appellees successfully moved for examination of judgment debtor, and the examination was scheduled in Vicksburg for May 23. Sometime before May 19 (the date does not appear in the record), the appellants moved in Ohio for a new trial or for judgment notwithstanding the verdict on the ground of fraud or misrepresentation. On May 19, appellant filed with the Warren County Circuit Clerk a motion to abate the examination of judgment debtor, noticing the motion to be heard at the same time and on the same date as the scheduled examination of judgment debtor.
Unfortunately, appellant's attorney failed to contact the court to ascertain that the judge could hear the motion at the noticed time, assuming that the judge would be present for the examination of judgment debtor. When the attorneys arrived at the courthouse for the motion, appellant's attorney discovered that the circuit judge would not be present and that the examination would be conducted like a deposition.
By telephone the judge continued the examination and scheduled a hearing on the motion to abate for a later date. On motion of appellees, the judge sanctioned appellant's attorney two hundred dollars ($200.00) in attorney fees and twenty-one dollars ($21.00) in travel expense due to his failure to notice and schedule the motion properly.
Appellant argues that sanctions are inappropriate because counsel did not act in bad faith, was not dilatory, did not disobey a court order or otherwise abuse the discovery process. Miss.R.Civ.P. 37.
Not only may willful and intentional conduct be sanctioned, but courts have the inherent power to impose sanctions "to protect the integrity of their processes." Ladner v. Ladner, 436 So.2d 1366, 1370 (Miss. 1983). When counsel's carelessness causes his opponent to expend time and money needlessly, it is not an abuse of discretion for the court to require offending counsel to pay for his mistake, especially where, as here, out-of-town travel was involved.
Therefore, the sanctions imposed below are affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., not participating.