# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01629-SCT

*SHERMAN BOYLES, JR. AND FAYE BOYLES*

*v.*

*SCHLUMBERGER TECHNOLOGY CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/30/1999 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GLENN LOUIS WHITE |
| | JOHN D. SMALLWOOD |
| | STUART H. SMITH |
| ATTORNEYS FOR APPELLEE: | OTIS R. TIMS |
| | DAVID PRATHER |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 08/23/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/13/2001 |

**BEFORE McRAE, P.J., WALLER AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Sherman Boyles, Jr. and Faye Boyles appeal from a judgment of the Jones County Circuit Court, Second Judicial District, denying their Motion to Reopen Time for Appeal. Although this appeal is based on a single ruling on a M.R.A.P.4(h) motion, this case actually began on October 8, 1993, when the Boyleses filed their complaint against one defendant, Lynx Operating Company (Lynx), alleging personal and property damages caused by contamination of their land with oil field waste. Over a period of more than three years, several amendments were made to add other defendants, and ultimately there were four: Lynx; Ora C. Collins Associates, Inc. and Ora C. Collins, Jr. (Collins); S. Lavon Evans, Jr. Operating Co. Inc. (Evans); and finally, Schlumberger Technology Corporation (Schlumberger), which was not added as a defendant until October 18, 1996. Schlumberger subsequently filed a Motion for Judgment on the Pleadings under M.R.C.P. 12(c), on the basis that the Boyleses' claims against it were time barred by the three-year statute of limitations set forth in Miss. Code Ann. § 15-1-49, (1995). The trial court granted that motion in a bench ruling on November 22, 1997.[1] The judgment was formalized in an order filed December 3, 1997, and a previous appeal was taken from that grant of Schlumberger's motion for judgment on the pleadings. Numerous procedural steps followed thereafter, and the present appeal is before this Court on the denial of the Boyleses' Motion to Re-Open Appeal.

¶2. Aggrieved by the judgment of the Jones County Circuit Court, the Boyles raise three issues:

> **I. WHETHER THE NOTICE OF APPEAL WAS INEFFECTIVE UNDER MRAP 4(d) IF IT WAS FILED DURING THE PENDENCY OF A RULE 59 MOTION TO**

**RECONSIDER?**

**II. WHETHER THE PLAINTIFF'S MOTION TO RECONSIDER WAS A PROPER RULE 59 MOTION?**

**III. WHETHER THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF'S MOTION TO REOPEN TIME FOR APPEAL?**

¶3. Because we conclude that the trial court erred when it denied the Boyleses' Motion to Reopen Time for Appeal, we reverse and remand.

FACTS

¶4. For ease in understanding the various dates, motions, responses and orders which are involved in this appeal, we provide the pertinent facts in summary form, chronologically, as follows:

10-8-93 The Boyleses file their complaint against Lynx

5-5-94 Collins added as second defendant by order of the court

9-6-94 Evans added as third defendant by order of the court

10-18-96 Schlumberger added as fourth defendant by order of the court

11-14-97 Schlumberger files Rule 12(c) Motion for Judgment on the Pleadings (very briefly stating that more than 3 years had elapsed between filing of the complaint and the date on which Schlumberger was added as a defendant, thus the claim was time barred by Section 15-1-49)

11-17-97 The Boyleses filed their response to Schlumberger's motion for judgment on the pleadings, as well as their response to the motions for summary judgment of Lynx, Collins and Evans.

11-22-97 Hearing on Schlumberger's Motion for Judgment on the Pleadings (and also on motions for summary judgment of Lynx, Collins and Evans) followed by bench ruling granting motions of Schlumberger, Lynx and Collins but denying Evans's motion.

12-3-97 Order filed granting Schlumberger's Motion for Judgment on the Pleadings and Rule 54(b) certification of Order of Dismissal

12-5-97 The Boyleses timely filed a Motion for Reconsideration "pursuant to MRCP 59 and 56". In it they argue that the "discovery rule" is applicable, and thus the three-year statute of limitations was tolled until they learned of Schlumberger's involvement during depositions in 1996

12-22-97 Schlumberger files Response to Motion for Reconsideration - coincidentally, the Boyleses file their Notice of Appeal against Lynx, Collins and Schlumberger the same day.

1-21-98 Without a hearing on the Motion for Reconsideration, the trial judge filed an order denying the motion, *but notice of it was never served on the parties, nor was there a docket entry of the service* as required by M.R.C.P. 77(d). The trial judge even said, at the hearing, that "apparently somebody slipped up and failed to notify the people when I sign an order." The order did not contain any findings of fact or conclusions of law, but was simply a one sentence statement that the Boyles'

motion was denied.

3-23-98 The Boyleses first learned that the trial court had denied their Motion for Reconsideration (this fact was mentioned in a letter from Schlumberger's attorney).

3-27-98 The Boyleses timely filed a Motion to Reopen Time for Appeal of Motion to Reconsider

(4-29-98) (MRAP 4(d) is amended by Supreme Court to say that it is no longer necessary to file a second notice of appeal if the first notice of appeal was filed while there was an outstanding timely Rule 59 motion to alter or amend, or for new trial)

11-24-98 The Boyleses filed to voluntarily withdraw appeal ONLY WITH REGARD TO Lynx and Collins[2]

12-2-98 The Supreme Court, with a single justice order, granted the Boyles withdrawal. The rder does not specifically mention that the dismissal was only to Lynx and Collins, but simply says that "the Withdrawal of Appeal Filed by Sherman Boyles, Jr. and Faye Boyles be, and hereby is, granted." There was no other request before the Court, and the Order entered simply granted the relief requested, which was dismissal of the two parties, but not Schlumberger.

4-19-99 Hearing on the Motion to Reopen Time for Appeal, taken under advisement

8-31-99 Order Denying Plaintiffs' [Boyleses] Motion to Reopen Time for Appeal is filed. Again, the trial court did not provide any findings of fact or conclusions of law, and the order is basically one sentence stating that the motion is not well taken and should be denied.

9-22-99 The Boyleses timely filed new Notice of Appeal solely on this denial.

### ANALYSIS

### I. WHETHER THE NOTICE OF APPEAL WAS INEFFECTIVE UNDER MRAP 4(d) IF IT WAS FILED DURING THE PENDENCY OF A RULE 59 MOTION TO RECONSIDER?

### II. WHETHER THE PLAINTIFF'S MOTION TO RECONSIDER WAS A PROPER RULE 59 MOTION?

¶5. A threshold question before this Court is whether the Boyleses' Motion for Reconsideration was a legitimate Rule 59 motion, so as to bring it under the then-applicable M.R.A.P. 4(d) provision which stated in pertinent part that:

> **Post-Trial Motions in Civil Cases**. If a timely motion under the Mississippi Rules of Civil Procedure is filed in the trial court by any party: . . .(3) under Rule 59 to alter or amend the judgment; . . . the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

¶6. The Boyleses argue that their December 5, 1997 motion for reconsideration filed pursuant to Rule 59

was in essence a Rule 59(e) motion to alter or amend a judgment. We agree. This Court has confirmed that "[a] petition for reconsideration is treated as a motion to amend judgment pursuant to M.R.C.P. 59(e)." *In re Estate of Stewart* 732 So. 2d 255, 257 (Miss. 1999) In *Allen v. Mayer*, 587 So. 2d 255 (Miss. 1991), this Court stated: "The principal error in Mayer's argument is his failure to recognize that a motion to set aside or reconsider an order granting summary judgment is treated as a Rule 59 motion for these purposes." *Id.* at 261 (holding that time for filing appeal was tolled by timely filing of motion to reconsider the judgment).

¶7. Schlumberger, however, argues Rule 4(d) does not apply because the motion to reconsider was not a proper Rule 59 motion, citing *Bang v. Pittman*, 749 So. 2d 47, 52-53 (Miss. 1999), where this Court stated that under Rule 59, a motion to alter or amend a judgment must be based upon one of only three possible grounds: (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice. Schlumberger contends that none of these circumstances appear in the present case, but the Boyleses contend that the trial judge's failure to apply the "discovery rule", and his ruling that the statute of limitations had run on any claim against Schlumberger three years after the Boyleses' complaint was filed, was clearly a question of law. Unfortunately, the trial judge did not make any findings of fact or conclusions of law, but it is clear from the Boyleses' Motion for Reconsideration that the "discovery rule" issue was squarely before the trial court. But either way, once the Boyles had notice of the trial judge's adverse ruling on their motion to reconsider, the time clock began running again.

### III. WHETHER THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF'S MOTION TO REOPEN TIME FOR APPEAL?

¶8. Four days after learning that the judge had denied their motion for reconsideration, well within the 7 days allowed under M.R.A.P. 4(h), the Boyleses filed a Motion to Reopen Time for Appeal so that they could continue to pursue their original appeal from the adverse ruling granting judgment on the pleadings in favor of Schlumberger. The trial judge, after a brief and somewhat "scattered" hearing, gave the attorneys ten days to research further, since there appeared to be confusion and lack of clarity about the law and facts. The court docket sheet reflects no further action until four months later when the judge denied the Motion to Reopen Time for Appeal.

¶9. The Boyleses contend the circuit court erred in denying their motion to reopen, since: 1) it is undisputed that there was no proper service of notice to them of the denial of their motion to reconsider, thus triggering the authority to reopen pursuant to M.R.A.P. 4(h); and 2) they had timely filed their motion to reopen. Schlumberger responds only with the argument that because the earlier Motion to Reconsider was not a proper Rule 59 motion, but only an improper attempt to get "two bites at the apple," the Boyleses lost their right to appeal when they voluntarily dismissed their original appeal on November 24, 1998.

¶10. Rule 4 (h) reads as follows:

> **Reopening Time for Appeal**. The trial court, if it finds (a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

M.R.A.P. 4(h).

¶11. In *Duncan v. Duncan*, 774 So. 2d 418 (Miss. 2000), the first case in which this Court discussed the provisions of this new amendment to Rule 4, we reversed and remanded the chancellor's denial of Duncan's timely filed motion, with directions that the trial court should grant the motion to reopen the time to allow Duncan the 14 days to file his appeal, as provided in the rule. Noting that a timely filed Rule 4(h) motion allows the court to reopen for 14 days the time for appeal when: a) notice of entry of a judgment was not received within 21 days of its entry, and b) no party would be prejudiced, with prejudice defined as some adverse consequence other than the risk of having to oppose the appeal and encounter the risk of reversal, we held that: "In limiting this decision to the facts before us and taking the rule as written, while also noting the absence of any argument by Helen that she is in any way prejudiced, we find that the trial court erred in failing to grant [the] motion to reopen time for appeal." *Id.* at 420.

¶12. In the present case, the trial judge unfortunately did not provide any findings of fact or conclusions of law, but rather entered a bare-bones, one-sentence order denying the Boyleses' motion. The record is silent regarding any prejudice to Schlumberger, although there was ample opportunity for it to show same in its written response to, and in its argument on, the Boyles' motion. The facts surrounding the motion and the decision of the trial judges in both *Duncan* and the present case are virtually the same. Thus we follow the precedent of *Duncan* and find that the trial court erred in denying the Boyleses' motion to reopen time for appeal.

## CONCLUSION

¶13. The trial judge erred by denying the Boyleses' motion to reopen time for appeal. We thus reverse and remand with directions that the Jones County Circuit Court, Second Judicial District, promptly enter an order pursuant to M.R.A.P. 4(h) granting the Boyleses' Rule 4(h) motion and allowing them 14 days from the date of entry of that order to take an out-of-time appeal.

¶14. **REVERSED AND REMANDED.**

   **PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR. SMITH, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. Lynx and Collins were granted summary judgments on the same day, and the Boyleses' initial Notice of Appeal stated that the appeal was filed against Lynx, Collins and Schlumberger.

2. This was filed in the Boyleses' first appeal in which the Notice of Appeal stated that they "appeal to the Supreme Court of Mississippi against Lynx Operating Company, Inc., Ora C. Collins Associates, Inc. *and* Schlumberger Technology Corporation from the summary judgments in favor of Collins and Lynx entered on November 10, 1997, and the Judgment on the Pleadings entered in favor of Schlumberger on December 3, 1997."

The withdrawal document is entitled "Withdrawal of Appeal filed by Sherman Boyles, Jr. and Fay Boyles"and the body of the document states that they "hereby withdraw their appeal, of the Rule 54(b) Judgments dismissing plaintiffs/appellants [sic] Lynx Operating Co., Inc. and O.C. Collins Associates, Inc. on the grounds that the parties have reached an agreement settling Plaintiffs' claims against those defendants." The document then concludes with the statement that they "hereby withdraw their appeal of the Rule 54(b) Judgments Dismissing Lynx Operating Co. Inc. and O.C.Collins Associates, Inc."