LEE, J.,
FOR THE COURT.
PROCEDURAL HISTORY
¶ 1. On October 30, 1998, Danny and Lynda Laird filed a complaint in the Circuit Court of Hancock County against Ronnie and Joyce Ladnier, which was amended on July 28, 2000, to include additional defendants Patsy Dubuisson, ERA Bayshore Realty, Sidney Manix, Paul N. Seckso and Associates, Ed Rideout, and Pest Control Specialists, Inc. The Laird’s complaint, arising from the purchase of a home, alleged statutory non-disclosure, breach of contract, fraud, fraudulent concealment, misrepresentation, and intentional infliction of emotional distress. On March 1, 2001, Dubuisson and ERA Realty filed a motion for summary judgment. On April 6, 2001, Rideout and Pest Control filed a motion for summary judgment. The circuit court granted Dubuisson and ERA’s motion on June 29, 2001, Pest Control’s on July 20, 2001, and Rideout’s on October 18, 2001. The Laird’s filed a motion to reconsider the granting of summary judgment on October 29, 2001, which was denied on November 28, 2001. The Lairds then appealed to this Court, asserting the following issues: (1) the trial court abused its discretion in granting summary judgment for Dubuisson, ERA Realty, Rideout, and Pest Control; and (2) the trial court abused its discretion in entering a final judgment pursuant to M.R.C.P. 54(b). Finding no merit to either issue, we affirm.
FACTS
¶ 2. In May 1998, the Lairds executed an offer to purchase agreement to buy a house from Ronnie and Joyce Ladnier for $55,000. The house was listed with ERA Bayshore Realty and its agent, Patsy Du-buisson. After a counteroffer from the Ladniers for $65,000, the Lairds’ agent, Sidney Manix, prepared an addendum to the offer to purchase agreement. This addendum stated that their counteroffer to purchase the property for $60,000 was “contingent on property being sold in ‘AS IS’ condition.” The addendum also stated that “the floor in dining room has a definite sag and ceiling is split indicating some foundational complications. A/C in wall at right rear of house is mal-functioning (heating improperly). These are items to *180 be considered in this offer.” Both Danny and Lynda Laird signed this addendum.
¶ 3. As a condition of the contract, the Ladniers were to furnish a “disclosure” form stating the condition of the property and a Mississippi Official Wood Destroying Insect Report from a licensed termite company. In his report, the site inspector, Ed Rideout, stated that he was unable to visually inspect under the raised portion of the house and that there was subterranean termite damage. At closing, the Lairds received the disclosure statement, read the termite report, and personally inspected the property before accepting the property “as is.” After moving into the house, the Lairds began having problems with the dining room floor sagging. The Lairds then had to repair some structural problems in the house.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN GRANTING SUMMARY JUDGMENT FOR DUBUIS-SON, ERA, RIDEOUT, AND PEST CONTROL?
¶ 4. With their first issue, the Lairds claim that the trial judge was manifestly wrong and applied the wrong legal standard when he granted summary judgment in favor of Dubuisson, ERA, Rideout, and Pest Control. In reviewing a grant of summary judgment, this Court employs a de novo standard. If the pleadings, depositions, answers to interrogatories and admissions, together with any affidavits, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and summary judgment should be entered for the mov-ant. Boyles v. Schlumberger Tech. Corp., 832 So.2d 503(¶ 5) (Miss.2002).
¶ 5. The Lairds contend that the appel-lees have committed fraud because they intentionally tried to cover up the serious structural damage to the house in question. Furthermore, the Lairds claim they relied upon the representation of all the appellees in deciding to purchase the house. However, the record shows that the Lairds were aware of the structural damage to the house before the purchase. The disclosure statement says that the house was thirty years old, had numerous foundational repairs made by the owners and not contractors, had a history of termite damage, and had received major flood damage from Hurricane Camille. The “as is” clause, written by Sydney Manix, the Lairds’ agent, and signed by the Lairds, mentions the “definite sag” in the dining room floor. The Mississippi Official Wood Destroying Insect Report mentions previous termite damage, previous treatment of termite infestation, and an inaccessible area of the property. The Lairds also signed a “Declaration of Acceptance,” which stated that they “personally inspected the real property and improvements at the above address ...” and that “without any reservation or reluctance we accept the property as is; we consider the property to be suitable, completed, and ready for occupancy and use as home.”
¶ 6. The Lairds have failed to raise a genuine issue of material fact and, therefore, we find that the trial judge did not err in granting the motions for summary judgment.
II. DID THE TRIAL COURT ERR IN ENTERING A FINAL JUDGMENT PURSUANT TO M R.C.P. 54(b)?
¶ 7. With their other issue, the Lairds contend that the trial judged abused his discretion in granting a final judgment pursuant to M.R.C.P. 54(b). A Rule 54(b) judgment is reviewed under an abuse of discretion standard. Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 899 (Miss.1987). According to *181 the comments to M.R.C.P. 54(b), the basic purpose of the rule is “to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.” Furthermore, the rule “gives the court discretion to enter a final judgment ... and it provides much needed certainty in determining when a final and appealable judgment has been entered.” M.R.C.P. 54(b) cmts.
¶8. The trial judge entered the judgment because there was no just reason for delay and, then properly certified the judgment. The Lairds submit that the trial judge abused his discretion; however, they offer no reason as to why this ruling was improper and warranted reversal other than a blanket statement claiming that courts disfavor this particular type of judgment. Therefore, we see no evidence of an abuse of discretion by the trial judge in entering a Rule 54(b) judgment.
¶ 9. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
KING, P.J., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., AND SOUTHWICK, P.J., NOT PARTICIPATING.