CARLTON, J.,
for the Court:
¶ 1. Wilton Acquisitions Corporation (Wilton Corp.) appeals from the judgment of the Harrison County Chancery Court which dismissed, with prejudice, Wilton Corp.’s lawsuit against First Methodist Church of Biloxi, Mississippi (First Methodist). The chancellor dismissed the suit pursuant to Mississippi Rule of Civil Procedure 37, due to discovery misconduct on behalf of Wilton Corp. However, we find that the chancellor improperly certified his order dismissing Wilton Corp.’s lawsuit with prejudice as a Rule 54(b) judgment. Accordingly, we dismiss the appeal and remand the case to the chancellor for the determination of the issue of attorney’s fees.
FACTS
¶ 2. On November 13, 2006, Wilton Corp., a California-based real-estate developer, signed a real-estate purchase agree *321 ment (Agreement) to buy real property in Biloxi, Mississippi, owned by First Methodist. Wilton Corp. paid $300,000 in earnest money for the purchase of First Methodist’s property and buildings. The Agreement was contingent on certain warranties, and it included a due-diligence period until April 26, 2007, for Wilton Corp. to conduct any inspections of the property it felt were necessary. The Agreement stated that “if, during its Due Diligence Period, Wilton [Corp.] was not satisfied with its investigation, Wilton [Corp.] could terminate the Contract.”
¶ 3. When a May 25, 2007 inspection[1] revealed the presence of asbestos-containing materials on the property, Wilton Corp. alerted First Methodist on June 14, 2007, that it intended to exercise its right to terminate the Agreement. However, First Methodist refused to refund the $300,000 in earnest money due to the expiration of the due-diligence period. Wilton Corp. filed suit in Harrison County Chancery Court for specific performance of the Agreement, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, misrepresentation, and equitable estoppel.
¶ 4. The chancery court entered an agreed scheduling order, which set trial for September 9, 2009, and the order also included a deadline for the completion of discovery on or before July 24, 2009. First Methodist requested dates from Wilton Corp. to depose the owner, agent, employees, and Rule 30(b)(6)[2] corporate representatives of Wilton Corp. Prior to the start of the depositions scheduled for July 13, 2009, counsel for Wilton Corp. informed First Methodist that none of the requested Wilton Corp. deponents would be able to attend the depositions. Wilton Corp. explained that Jay Wilton, the president and principal owner of Wilton Corp., had traveled from California to Mississippi to attend the depositions, but en route, he became acutely ill. Jay had to return to California for medical treatment. First Methodist then filed a motion to amend the scheduling order and extend the deadlines for discovery and depositions until September 2, 2009, one week before the scheduled trial date. Wilton Corp. filed a motion to continue the trial and a motion to determine the deposition location, requesting the chancellor to require counsel for First Methodist to travel to California to conduct the depositions.
¶ 5. The chancellor held a status conference on the motions, and he ultimately ordered the trial continued until October 21, 2009. The chancellor denied Wilton Corp.’s request that counsel for First Methodist travel to California to conduct the depositions, and he ordered that Wilton Corp.:
shall present its witnesses[,] both corporate and individuals^] notice for deposition[s] in Biloxi, Mississippi^] on Monday and Tuesday, October 19th and 20th, 2009.... In the event [Wilton Corp.] fails to provide these witnesses [notice] for their pretrial testimony, the court will consider any and all appropriate sanctions including but not limited to sanctions set forth in Rule 37 of the Mississippi Rules of Civil Procedure[,] which may include the dismissal of [Wilton Corp.’s] complaint with prejudice and the striking of [Wilton Corp.’s] answer and defenses to counterclaims of [First Methodist].
*322 ¶ 6. On the morning of October 19, 2009, counsel for Wilton Corp. contacted counsel for First Methodist, stating that his daughter was ill and that Wilton Corp.’s plane would not arrive in Gulfport, Mississippi, until 2:30 p.m. due to the deponents’ belief that the depositions were scheduled for October 20, 2009. First Methodist then filed a motion to dismiss and a motion for sanctions pursuant to Rule 37(b)(2)(c) and 37(c) based on Wilton Corp.’s discovery misconduct.
¶ 7. On October 20, 2009, the chancellor held an emergency hearing on First Methodist’s motions for sanctions for discovery misconduct pursuant to Rule 37. The chancellor heard arguments from both parties and the testimonies of Jay and Wilton Corp.’s former counsel, Scott Smith. After the hearing, the chancellor granted both First Methodist’s motion to dismiss and its motion for sanctions, and he dismissed Wilton Corp’s claims with prejudice. The chancellor held Wilton Corp. had willfully failed to appear for certain depositions; thus, its claims should be dismissed with prejudice. The chancellor certified his judgment as final under Mississippi Rule of Civil Procedure 54(b). Regarding the issue of attorney’s fees, the chancellor ordered:
IT IS FURTHER,
Ordered and Adjudged that the issue of attorney’s fees requested by First Methodist Church and other costs is taken under advisement until the Defendant submits sufficient information on which the Court can base its decision, IT IS FURTHER,
Ordered and Adjudged that this is a final judgment under Rule 54(b) as to all matters addressed herein.
The chancellor later denied Wilton Corp’s motion for reconsideration of his order of dismissal. In his order denying the motion for reconsideration, the chancellor again discussed the issue of attorney’s fees, stating:
The case, sub judice, was dismissed pri- or to trial and, as a result, most of the work performed by the attorneys was outside the presence of this court. Therefore, the Court needs information which specifically addresses each of the factors set forth in [Tupelo Redevelopment Agency v. Gray Corp., 972 So.2d 495, 520-21 (Miss.2007) ] to determine what [amount of attorney’s fees] is reasonable. The Court finds that the parties shall confer and schedule a hearing on a mutually agreeable date to specifically address each and every one of those factors.
For the reasons stated above, it is hereby Ordered and Adjudged as follows:
[[Image here]]
Ordered and Adjudged that there is no just reason for delay and that judgment shall be final pursuant to [Rule] 54(b) as to all claims in the matter with the exception of the amount of expenses and attorney’s fees to be awarded, if any. It is further,
Ordered and Adjudged that the parties shall confer and schedule a hearing on mutually agreeable date to specifically address all of the factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct and discussed in [Tupelo Redevelopment Agency, 972 So.2d at 520-21].
(Emphasis added). Wilton Corp. now appeals.
STANDARD OF REVIEW
¶ 8. We review a Rule 54(b) judgment under an abuse-of-discretion standard” Laird v. ERA Bayshore Realty, 841 So.2d 178, 180 (¶ 7) (Miss.Ct.App.2003) (citation omitted). Rule 54(b) “attempts to strike a balance between the undesirability of piecemeal appeals and the need for *323 making review available at a time that best serves the needs of the parties.” Myatt v. Peco Foods of Mississippi, Inc., 22 So.3d 334, 340 (¶ 12) (Miss.Ct.App.2009) (citation omitted).
DISCUSSION
¶ 9. The chancellor dismissed Wilton’s Corp.’s claims with prejudice and reserved ruling on attorney’s fees after finding that Wilton Corp. had willfully failed to appear for certain depositions. The chancellor certified both his order of dismissal and the subsequent denial of Wilton Corp.’s motion for reconsideration as Rule 54(b) judgments. However, our review of the record reveals that although the chancellor dismissed this action with prejudice as a sanction for Wilton Corp.’s discovery misconduct and certified his judgment under Rule 54(b), the chancellor reserved ruling on awarding attorney’s fees.
¶ 10. Rule 54(b) provides:
When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
¶ 11. Turning to the record, we find that the chancellor concluded his order dismissing Wilton Corp.’s case with prejudice with the following language:
IT IS FURTHER,
Ordered and Adjudged that the issue of attorney’s fees requested by First Methodist Church and other costs is taken under advisement until the Defendant submits sufficient information on which the Court can base its decision, IT IS FURTHER,
Ordered and Adjudged that this is a final judgment under Rule 54(b) as to all matters addressed herein.
Additionally, in his order denying Wilton’s motion for reconsideration, the chancellor again discussed the issue of attorney’s fees, stating:
The case, sub judice, was dismissed pri- or to trial and, as a result, most of the work performed by the attorneys was outside the presence of this court. Therefore, the Court needs information which specifically addresses each of the factors set forth in [Tupelo Redevelopment Agency, 972 So.2d at 520-21] to determine what [amount of attorney’s fees] is reasonable. The Court finds that the parties shall confer and schedule a hearing on a mutually agreeable date to specifically address each and every one of those factors.
For the reasons stated above, it is hereby Ordered and Adjudged as follows:
[[Image here]]
Ordered and Adjudged that there is no just reason for delay and that judgment shall be final pursuant to [Rule] 5k(b) as to all claims in the matter with the exception of the amount of expenses and attorney’s fees to be awarded, if any. It is further,
Ordered and Adjudged that the parties shall confer and schedule a hearing on *324 mutually agreeable date to specifically address all of the factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct and discussed in [Tupelo Redevelopment Agency, 972 So.2d at 520-21].
(Emphasis added).[3]
¶ 12. Despite the chancellor’s designation of his order as a Rule 54(b) judgment and despite the inclusion of the necessary wording required by Rule 54(b), we hold that the chancellor’s order was not a final, appealable order because it left First Methodist’s claim for attorney’s fees pending. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-44, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (The United States Supreme Court found that a judgment was not appealable merely because it contained the recital required by Rule 54(b).); Chevis v. Mississippi Farm Bureau Mut. Ins. Co., 76 So.3d 187, 190-91 (¶ 11) (Miss.Ct.App.2011); Myatt, 22 So.3d at 339 (¶¶ 10-11). Since the issue of attorney’s fees is still pending in the chancery court, we find that the chancellor abused his discretion by improperly certifying his order of dismissal as a Rule 54(b) judgment. Therefore, this case cannot properly be brought before the Court for appellate review under Mississippi Rule of Appellate Procedure 4. Colom Law Firm, LLC v. Bd. of Trustees, 16 So.3d 692, 695-96 (¶¶ 14-15) (Miss.2009); Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss.1987) (applying an abuse-of-discretion standard to appellate review of Rule 54(b) judgments); Byrd v. Miss. Power Co., 943 So.2d 108, 112 (¶ 14) (Miss.Ct.App.2006).
¶ 13. We find the record unclear as to why the chancellor certified this judgment as final under Rule 54(b) when an item of requested relief, First Methodist’s request for attorney’s fees, was still pending. We find no apparent reason from the record to review a partial judgment; therefore, we must dismiss this appeal. See Walters v. Walters, 956 So.2d 1050, 1054 (¶ 8) (Miss.Ct.App.2007) (A final, appealable judgment adjudicates the merits of the case and settles all issues as to all the parties, requiring no further action by the lower court.); Laird, 841 So.2d at 180 (¶ 7). This Court has recognized the supreme court’s admonition that the trial court’s authority to enter a Rule 54(b) judgment should be exercised with caution in the interest of sound judicial administration to preserve the judicial policy against piecemeal appeals. Walters, 956 So.2d at 1054 (¶ 13) (citing Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss.1987)).
¶ 14. In the determination of whether the chancellor’s judgment constitutes a final judgment, we must evaluate whether factual matters remain pending below. Regarding the finality of judgments, the Mississippi Supreme Court has held that where an item of requested relief is not addressed by the purported final judgment and the omission is not obvious from a review of the record, remand of an omitted issue alone is the appropriate remedy. Parker v. Livingston, 817 So.2d 554, 566 (¶ 47) (Miss.2002) (citing Precision Interlock Log Homes, Inc. v. O’Neal, 689 So.2d 778, 780 (Miss.1997)). The record before us reflects that the chancellor failed to fully adjudicate the issue of attorney’s fees. We therefore find that the chancel *325 lor’s judgment does not constitute a final judgment from which an appeal can be taken, and the chancellor improperly certified his order as final under Rule 54(b).
¶ 15. Accordingly, this appeal is improperly before this Court. The present appeal is dismissed, and the improperly certified Rule 54(b) judgment dismissing Wilton Corp.’s claims shall be vacated until the entire case is resolved and the chancellor enters a final judgment on all claims.
¶ 16. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. The record reflects that Covington and Associates Corp. performed the inspection and issued a report to Wilton Corp. on June 6, 2007.

. M.R.C.P. 30(b)(6).

. In the record before this Court, the trial court’s docket as of December 6, "2010, reveals no action on an award of attorney’s fees. While Wilton Corp.'s complaint asserted multiple claims, we note that the Rule 37 judgment of dismissal and the order denying Wilton Corp.’s motion for reconsideration both show thát the chancellor dismissed with prejudice "all claims” brought' by Wilton Corp.