# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00137-COA

**IN RE: CARLOS MOORE**                                    **APPELLANT**

DATE OF JUDGMENT:            12/01/2017
TRIAL JUDGE:                 HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   LEFLORE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:     CARLOS E. MOORE (PRO SE)
                             WILLIE T. ABSTON
ATTORNEYS FOR APPELLEE:      HARRIS FREDERICK POWERS III
                             TOMMIE G. WILLIAMS
                             TOMMIE GREGORY WILLIAMS JR.
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 AFFIRMED - 05/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., TINDELL AND LAWRENCE, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     On December 1, 2017, the Leflore County Circuit Court granted Greenwood Leflore Hospital's motion for sanctions against Carlos Moore after Moore failed to appear on his client's behalf at a bench trial held on September 5, 2017. Moore subsequently filed unsuccessful motions for reconsideration and for an evidentiary hearing on the motion for reconsideration. On January 26, 2018, Moore filed a petition for an interlocutory appeal, and the Mississippi Supreme Court determined that Moore's petition should be treated as a notice of appeal. On appeal, Moore challenges the circuit court's denial of his motion for reconsideration and its failure to rule on his motion for an evidentiary hearing. Finding no error, we affirm the circuit court's denial of Moore's motion.

### FACTS AND PROCEDURAL HISTORY

¶2.	On January 30, 2014, Moore filed a medical-negligence complaint against Greenwood Leflore Hospital ("the Hospital") in the circuit court on behalf of the plaintiff, Lue R. Sanders.[1] At some point over the next two years, Moore associated with the firm of "Brown, Bass & Jeter, PLLC" as additional counsel. But the firm's first appearance on the record came on June 14, 2016, when Katrina Brown and Lillie Evans Bass filed a second amended designation of experts on behalf of Sanders. Until that point, Moore had been the sole attorney of record for Sanders, having executed and filed all pleadings and discovery submissions. Moore also entered into the first agreed scheduling order on Sanders's behalf.

¶3.	On December 5, 2016, the circuit court entered an agreed order, setting trial for September 5, 2017, which was signed by Brown and the Hospital's counsel. The record does not indicate that Moore ever objected to this agreed trial date, nor does it include any evidence that Moore sought to withdraw as Sanders's counsel in the nine months leading up to trial. On August 18, 2017, Brown and Bass filed a motion to withdraw as counsel on behalf of Brown, Bass & Jeter, PLLC, citing a conflict of interest. In the motion, Brown and Bass advised the circuit court that the firm had no attorney-client agreement or any contract with Sanders and that they were associated on the case through Moore. They also contended that their withdrawal as Sanders's counsel would not unreasonably delay the case or cause prejudice to the parties because Moore would remain Sanders's attorney of record. Moore did not object to the withdrawal or file a response to the firm's motion. The Hospital agreed to the firm's withdrawal in its response, and the circuit court granted the firm's motion on

---

[1] Claims against Dr. Raymond P. Girnys and Delta Surgical Clinics were also filed in this complaint, but these claims were dismissed on April 8, 2014.

August 29, 2017, noting that Moore "shall remain attorney of record for [Sanders]."

¶4.   On August 31, 2017, Moore filed a motion to continue the trial on behalf of Sanders on the grounds that (1) Brown and the firm of Brown, Bass & Jeter, PLLC withdrew on August 29, 2017, and (2) Moore had a scheduling conflict on September 5, 2017, and would be out of state. Moore also filed a motion to withdraw as counsel, arguing that (1) he and Sanders "reached an impasse on how to proceed with her case," (2) Brown and the firm of Brown, Bass & Jeter, PLLC withdrew on August 29, 2017, and (3) Moore would be out of state on September 5, 2017, and had "not had time to adequately prepare for trial." Moore noticed both motions for a hearing for September 5, 2017, which was the scheduled trial date.

¶5.   On September 5, 2017, all parties and their counsel appeared for trial, except for Moore. Instead, Justin Smith appeared to argue Moore's motions on behalf of Sanders. Smith advised the circuit court that Moore could not be present for trial because he was preparing for another trial in Tennessee for the following week. Smith also advised the circuit court that if a continuance was not granted, Moore alternatively requested to withdraw as Sanders's counsel. At the hearing, the circuit court noted that the circumstances surrounding Moore's failure to appear were "highly irregular," as the September 5th trial date had been set for "quite a long time." The circuit court also noted that Moore's Tennessee trial was set for the following week, which did not present a conflict for the then currently set trial. But the circuit judge reluctantly granted a continuance, stating that he "hate[d] for the client [(Sanders)] to suffer loss because of the neglect of the lawyer [(Moore)]."

¶6.   On September 7, 2017, the Hospital filed a motion for sanctions against Moore, asking

3

the circuit court to dismiss Sanders's case with prejudice or, alternatively, for an award of monetary sanctions against Moore. The Hospital alleged in its motion that Moore had not been in Tennessee preparing for another trial on September 5, as Smith had advised the circuit court. Instead, the Hospital argued that Moore failed to appear for trial in order to attend a speaking engagement at Jarvis Christian College in Texas, and the Hospital attached excerpts to its motion from Moore and Jarvis Christian College's Facebook pages to support its assertions. The Hospital further argued that it had incurred costs and expenses in preparation for the September 5 trial, which were wasted due to Moore's absence.

¶7. On December 1, 2017, the circuit court denied the Hospital's request to dismiss Sanders's case but granted its request for sanctions against Moore. The circuit court ordered Moore to pay $27,467.83 to the Hospital for the costs and fees associated with the September 5th trial. Moore filed a motion for reconsideration on December 11, 2017, and he filed a motion for an evidentiary hearing on December 20, 2017. On January 4, 2018, the circuit court denied Moore's motion for reconsideration but did not address Moore's motion for an evidentiary hearing.

¶8. On January 26, 2018, Moore filed a petition for an interlocutory appeal from the circuit court's order denying his motion for reconsideration. The Mississippi Supreme Court ultimately found that Moore's petition should be treated as a notice of appeal, stating that "the Sanctions Order is final and directly appealable . . . [b]ecause the sanctions were levied against [Moore] alone, and not the plaintiff, and the issue of sanctions has no bearing on the merits of the underlying case." On appeal before this Court, Moore presents the following

4

issues: (1) whether the circuit court erred by failing to rule on his motion for an evidentiary hearing; (2) whether the circuit court erred by imposing sanctions on Moore; (3) whether the amount of the sanctions was reasonable; and (4) whether the circuit court erred in denying Moore's motion for reconsideration.

## STANDARD OF REVIEW

¶9. We apply an abuse of discretion standard when reviewing the circuit court's grant or denial of sanctions. *Illinois Cent. Gulf R.R. Co. v. McLain*, 174 So. 3d 1279, 1284 (¶12) (Miss. 2015). We also employ an abuse-of discretion standard when we review the circuit court's denial of a motion for reconsideration. *Rowser v. Fisher*, 281 So. 3d 317, 319 (¶9) (Miss. Ct. App. 2017).

## ANALYSIS

**I.    Whether the circuit court erred when it failed to rule on Moore's motion for an evidentiary hearing.**

¶10. Moore first argues that the circuit court erred when it granted the Hospital's motion for sanctions but failed to address Moore's motion for an evidentiary hearing on the matter. Moore further argues that because the circuit court never ruled upon the motion, the issue of sanctions was ultimately left unresolved. As such, Moore seems to suggest that the Mississippi Supreme Court wrongfully determined that the circuit court's "Sanctions Order" on January 5, 2018, constituted a final, appealable judgment.

¶11. In support of his assertions, Moore cites to the case of *Wilton Acquisitions Corp. v. First Methodist Church of Biloxi*, 85 So. 3d 319 (Miss. Ct. App. 2012). In *Wilton*, the defendant filed a motion to dismiss the plaintiff's case and a motion for sanctions after the

5

plaintiff repeatedly failed to appear for depositions. *Id*. at 322 (¶6). The chancellor granted the defendant's motions, but he expressly held the issue of attorney's fees and costs under advisement until the defendant could submit further information on the matter to assist the chancellor in his assessment. *Id*. at (¶7). In denying the plaintiff's motion to reconsider, the chancellor stated "that [the] judgment shall be final pursuant to [Rule] 54(b) as to all claims in the matter with the exception of the amount of expenses and attorney's fees to be awarded." *Id*. We dismissed the appeal, finding "that the chancellor's order was not a final, appealable order because it left [the defendant's] claim for attorney's fees pending." *Id*. at 324 (¶12). We further found that the chancellor "abused his discretion by improperly certifying his order of dismissal as a Rule 54(b) judgment[,]" and therefore the case could not be brought before this Court for appellate review. *Id*.

¶12.    Moore argues that this Court's holding in *Wilton* applies to his case because the circuit court denied his motion to reconsider without ruling on his motion for an evidentiary hearing. We disagree. In *Wilton*, the chancellor ruled upon all of *the parties' claims* except for the defendant's claim for attorney's fees. *Id*. (emphasis added). Therefore, this Court found that the chancellor had not properly disposed of all claims, and his order was not a final, appealable judgment. *Id*. Here, the circuit court assessed sanctions against Moore, not Sanders, the plaintiff. As the Mississippi Supreme Court noted in its May 17, 2018 order, "the sanctions were levied against the plaintiff's counsel [Moore] alone, and *not the plaintiff*, and the issue of sanctions *has no bearing on the merits of the underlying case. . . .*" (Emphasis added). The circuit court's order denying Moore's motion for reconsideration

6

fully adjudicated the issue of sanctions against Moore alone but did not affect Sanders's claims. Therefore, Moore could readily appeal his assessment of sanctions while Sanders's medical-negligence claims still remained active in the circuit court.

¶13. Second, Moore offers no authority that states the circuit court was required to hold an evidentiary hearing when determining the amount of attorney's fees that it sanctioned against Moore. In fact, Mississippi Code Annotated section 9-1-41 (Rev. 1990) states:

> In any action in which a court is authorized to award reasonable attorneys' fees, the court *shall not require the party seeking such fees to put on proof* as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation.

¶14. Here, the circuit court took information submitted by the Hospital regarding the fees and costs it incurred by continuing Sanders's trial due to Moore's absence. The circuit court then used that information to assess what it considered to be reasonable attorney's fees against Moore as sanctions. Such actions are within the sound discretion of the circuit court. *Webster v. Miss. Dep't of Wildlife, Fisheries & Parks*, 257 So. 3d 277, 284 (¶31) (Miss. 2018). Furthermore, this Court finds no authority requiring the circuit court to hold an evidentiary hearing when determining sanctions based upon an attorney's alleged misconduct, and Moore offers this Court no such support. Therefore, we find that the circuit court did not abuse its discretion by ruling on Moore's motion for reconsideration without ruling on his motion for evidentiary hearing.

## II. Whether the circuit court erred by imposing sanctions on Moore.

¶15. Next, Moore challenges the circuit court's assessment of sanctions against him.

"Mississippi law clearly supports a [circuit] court's power to sanction an attorney or party for violation of court orders, and, more specifically, for failure to appear as ordered by the court. *Wyssbrod v. Wittjen*, 798 So. 2d 352, 359 (¶23) (Miss. 2001) (citing to *Alviers v. City of Bay St. Louis*, 576 So. 2d 1256 (Miss.1991)). In his challenge, Moore asks the following questions: (1) what was the sanctionable offense that he committed, and (2) was the sanction of attorney's fees and witness expenses appropriate to the transgressions?

¶16.    Moore's first question can be readily answered by looking at the record and the circuit court's order granting sanctions. The record reflects that since the filing of the complaint, Moore has been Sanders's primary counsel of record. Although Brown signed the agreed scheduling order setting Sanders's trial for September 5, 2017, Moore had nine months to object to the trial date or to inform the circuit court of his scheduling conflict. But he made no action until days before Sanders's trial and after Sanders's associated counsel had already withdrawn. Further, Moore was not blind to the circuit court's order allowing Brown, Bass & Jeter, PLLC to withdraw contingent upon Moore remaining as Sanders's primary counsel of record. Moore made no objection to the withdrawal of counsel, thereby allowing the circuit court, and presumably his client, to assume that he would proceed to trial as scheduled on behalf of Sanders. Moore then moved to continue Sanders's trial and to withdraw as Sanders's counsel, at the final hour, after the Hospital had already incurred attorney's fees and expert costs in preparation for trial. As the circuit court stated, Moore's conduct was "highly irregular" because the trial date had been set for "quite some time." But the circuit court allowed for a continuance in order to not punish Sanders for Moore's neglect, as

Sanders was present and ready for trial.

¶17. "Attorneys are officers of the court and the court has inherent authority to sanction them in proper cases." *Bean v. Broussard*, 587 So. 2d 908, 911 (Miss. 1991). Although Moore claims that he is "unable to pinpoint actions [that] he committed" that would require sanctions, the record clearly offers evidence to the contrary. Moore was aware that he was Sanders's only counsel of record and failed to object to or appear at her trial which was scheduled nine months prior. We will not disturb the circuit court's assessment of sanctions unless the circuit court was manifestly wrong or clearly abused its discretion. *Microtek Med. Inc. v. 3M Co.*, 942 So. 2d 122, 130 (¶24) (Miss. 2006), *abrogated on other grounds by Upchurch Plumbing Inc. v. Greenwood Util. Comm'n*, 964 So. 2d 1100, 1116-17 (¶¶41-44) (Miss. 2007). Here we find no such abuse of discretion on the part of the circuit court.

¶18. We also find that the circuit court's assessment of attorney's fees against Moore to be appropriate to the sanction. Moore is correct that the circuit court "must issue sanctions appropriate to the transgression." *City of Jackson v. Rhaly*, 95 So. 3d 602, 606 (¶10) (Miss. 2012). But after Moore's failure to appear at trial, the Hospital moved to dismiss Sanders's case entirely, and the circuit court declined to impose such a harsh sanction upon Sanders for her counsel's neglect. *See SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853 (¶21) (Miss. 2018). Instead, the circuit court took the Hospital's submitted documentation of costs and expenditures for trial and used it to assess attorney's fees and expert fees against Moore. The Mississippi Supreme Court has held that "[w]hen counsel's carelessness causes his opponent to expend time and money needlessly, it is not an abuse of discretion for the court to require

9

offending counsel to pay for his mistake, especially where . . . out-of-town travel was involved." *Glover v. Jackson State Univ.*, 755 So. 2d 395, 401 (¶19) (Miss. 2000) (citing *Vicksburg Refining Inc. v. Energy Res. Ltd.*, 512 So. 2d 901 (Miss.1987)). Here, the circuit court acknowledged that the parties and court staff had traveled and incurred expenses in order to accommodate the scheduled trial date. Because Moore, not Sanders, committed the sanctionable offense, we find nothing inappropriate with the circuit court's assessment of attorney's fees and expert fees against Moore as a sanction in this matter. Accordingly, we find Moore's argument to be without merit.

### III. Whether the amount of sanctions awarded was reasonable.

¶19. Moore also challenges the reasonableness of the amount of sanctions against him. Moore correctly argues that the circuit court's award of attorney's fees must be both reasonable and supported by credible evidence. *Ford Motor Co. v. Tennin*, 960 So. 2d 379, 390 (¶38) (Miss. 2007). But Moore seems to contend that the amount of attorney's fees awarded in this case was not reasonable simply because *he* was not allowed to examine and question the amount of the costs and expenses that the Hospital submitted before the circuit court assessed sanctions against him. It is not up to Moore to determine whether his own sanctions are reasonable, however. The reasonableness of an award of attorney's fees is left within the sound discretion of the circuit court. *Id.* Again, the circuit court considered verified applications and submissions from the Hospital regarding its costs and expenditures for attorney's fees and expert witness fees and costs before making its assessment of appropriate sanctions. The circuit court then issued its three-page order, detailing the

10

circumstances and evidence used to support its award of sanctions.

¶20.    Upon review, we find nothing manifestly wrong with the circuit court's actions here. We further find that the circuit court's calculation and assessment of sanctions were reasonable and based upon credible evidence. Therefore, we find Moore's third assignment of error to be without merit.

IV.    **Whether the circuit court erred in denying Moore's motion for reconsideration.**

¶21.    Finally, Moore argues that the circuit court abused its discretion when it denied his motion for reconsideration on the foregoing matter. "A motion for reconsideration is to be treated by the [circuit] court as a post-trial motion under [Mississippi Rule of Civil Procedure] 59(e)." *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004) (citing *Boyles v. Schlumberger Tech. Corp.*, 792 So. 2d 262, 265 (Miss.2001)). To succeed, Moore must show: "(i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Id*. (citing *Bang v. Pittman*, 749 So. 2d 47, 52-53 (Miss.1999)).

¶22.    Moore fails to demonstrate any of these factors in his brief. Rather, this fourth assignment of error simply re-asserts his first three points of contention: (1) that he was wrongfully denied an evidentiary hearing, (2) that he committed no sanctionable action or if so, the sanction was not appropriate for his transgression, and (3) that the amount of sanctions was not reasonable or supported by credible evidence. We find no merit to these aforementioned assertions, and we likewise find that Moore fails to meet the burden under Rule 59(e). We therefore find no error in the circuit court's denial of Moore's motion for

11

reconsideration.

## CONCLUSION

¶23.    After thoroughly reviewing the record, we find that the circuit court's denial of Moore's motion for reconsideration constituted a final, appealable judgment that warrants review by this Court.  Further, we find that the circuit court did not abuse its discretion in its calculation and assessment of sanctions against Moore.  We find that the amount of sanctions assessed against Moore was both reasonable and appropriate under circumstances of this case.  Finally, we find no error in the circuit court's denial of Moore's motion for reconsideration, and we therefore affirm the circuit court's judgment.

¶24.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**