BARNES, J.,
 

 for the Court.
 

 ¶ 1. In this wrongful death claim, Patricia Myatt (Patricia) appeals the Neshoba County Circuit Court’s granting of summary judgment in favor of Peco Foods of Mississippi, Inc. (Peco). Additionally, Winston Bailey, co-defendant of Peco, appeals the entry of the Rule 54(b) final judgment in favor of Peco. Finding that the trial court erred in granting the Rule 54(b) certification, we dismiss this appeal for lack of jurisdiction.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 7, 2005, Todd David Myatt was killed when he was run over by a tractor-trailer operated by Bailey. The accident occurred at a feed mill facility owned by Peco. Myatt was an employee of Mississippi Sales and Service (Mid-MS), a construction company that had been hired by Peco to erect a new structure at the Peco facilities. On the morning of the accident, Myatt and co-worker, Daryl Ro-bison, were instructed by the Peco plant manager, Gary Nelson, to begin a painting job in an area adjacent to the paved road where the tractor-trailer trucks were entering and unloading at the plant. When the men started working that morning, no trucks were in the work area. However, later that morning, there was a backup at the plant’s loading dock, and Peco allowed the trucks to park off the paved road in the adjacent area while waiting to unload. Bailey’s truck was parked directly in front of Myatt’s work area and was only about four feet away from where Myatt was painting. Bailey’s truck remained idling in that area for several hours. While Myatt was in the process of changing out a paint gun, Nelson, who could not see down the right side of Bailey’s truck, signaled Bailey to move the truck forward. When Bailey moved the truck, Myatt was pulled underneath the tires and killed.
 

 ¶ 3. On December 15, 2005, Patricia filed a complaint against Peco, Griffin Industries, Inc. (Bailey’s employer), Bailey, and John Does 1-5. The complaint alleged that the defendants, independently and in conjunction with one another, caused and/or contributed to Myatt’s death. Peco filed a motion for summary judgment on June 15, 2007. On September 20, 2007, the trial judge granted Peco’s motion and entered a final judgment certified in accordance with Mississippi Rule of Civil Procedure 54(b). Patricia now appeals the trial court’s grant of Peco’s motion for summary judgment. Additionally, Bailey has filed an appeal contesting the trial court’s entry of a Rule 54(b) final judgment for Peco. Finding that the trial judge abused his discretion in certifying the judgment under Rule 54(b) in favor of Peco, we dismiss this appeal for lack of jurisdiction.
 

 WHETHER THE TRIAL COURT ERRED IN ITS ENTRY OF FINAL JUDGMENT FOR PECO UNDER RULE 54(b).
 

 ¶ 4. Bailey, in his appeal to this Court, asserts that the dismissal of Peco from the case pursuant to Rule 54(b) was improper. “Where a summary judgment dismisses some of the parties to a lawsuit, but not all of the parties, Rule 54(b) of the Mississippi Rules of Civil Procedure governs.”
 
 Fairley v. George County,
 
 800 So.2d 1159, 1161(¶ 4) (Miss.2001). Rule 54(b) states:
 

 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one
 
 *337
 
 or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 M.R.C.P 54(b).
 
 [1]
 
 We review a Rule 54(b) judgment “under an abuse of discretion standard.”
 
 Laird v. ERA Bayshore Realty,
 
 841 So.2d 178, 180(¶ 7) (Miss.Ct.App.2003) (citation omitted).
 

 ¶ 5. Although Bailey is a defendant in the underlying suit, he is not a party to the 54(b) judgment. “ ‘Standing’ is a jurisdictional issue which may be raised by any party or the Court at any time.”
 
 City of Madison v. Bryan,
 
 763 So.2d 162, 166(¶ 20) (Miss.2000) (citing
 
 Williams v. Stevens,
 
 390 So.2d 1012, 1014 (Miss.1980)). We find that Bailey does not have standing to appeal the 54(b) judgment as there is no evidence that he has a considerable stake in the outcome of this appeal.
 
 See Deposit Guar. Nat’l Bank v. Roper,
 
 445 U.S. 326, 333-34, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (a party cannot appeal from a judgment unless he retains a personal stake in the outcome and is “aggrieved” by the judgment); see
 
 also Klamath Strategic Inv. Fund ex rel. St. Croix Ventures v. United States,
 
 568 F.3d 537, 546 (5th Cir.2009) (“[a]s a general matter, a party who is not aggrieved by a judgment does not have standing to appeal it”). Bailey does not argue against the propriety of the trial court’s determination that Peco did not breach any legal duty owed to Myatt. Rather, his sole objection is that the entry of final judgment certified under Rule 54(b) would prejudice his defense in future proceedings. He has not, however, shown this Court what this prejudice might be.
 

 ¶ 6. Had Bailey not raised the issue, however, this Court would be required to address the appealability of the circuit court’s order on our own initiative.
 
 See Williams v. Delta Reg’l Med. Ctr.,
 
 740 So.2d 284, 285(¶ 5) (Miss.1999) (although a party fails to raise the issue as to whether the circuit court’s order is appealable, the appellate court “must address this question on [its] own initiative”);
 
 see also Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.,
 
 512 So.2d 897, 899 (Miss.1987) (noticing “plain error in the improvident granting of [the] judgment,” the supreme court dismissed the appeal sua sponte for improper Rule 54(b) certification). Accordingly, we must address the propriety of the court’s Rule 54(b) certification in order to determine whether we have jurisdiction.
 

 ¶ 7. The intent of a Rule 54(b) judgment is “to ease the burdens associated with complex litigation and to allow parties whose liability in such cases has been adjudicated to reach a final resolution without
 
 undue delay.” Byrd v. Miss. Power Co.,
 
 943 So.2d 108, 111(¶ 9) (Miss.Ct.App.2006) (citing
 
 Cox,
 
 512 So.2d at 900) (emphasis added). In
 
 Cox,
 
 the trial judge granted summary judgment and certified a Rule 54(b) judgment as to one cause of action in favor of the defendants, which Walter Del
 
 *338
 
 Cox, Jr. argued was in error. In its review, the supreme court acknowledged that Rule 54(b) was a “new concept in our state trial procedure” and provided “cautionary guidance” to the trial courts regarding the limitation of a Rule 54(b) judgment.
 
 Cox,
 
 512 So.2d at 899. The court explained that the discretionary power of the trial court in granting a Rule 54(b) judgment “must be exercised ‘in the interest of sound judicial administration,’ taking into account ‘judicial administrative interests, as well as the equities involved.’ ”
 
 Id.
 
 at 900 (citing
 
 Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S.Ct.
 
 1460, 64 L.Ed.2d 1 (1980)). The supreme court also recommended that “Rule 54(b) judgments be reserved for rare and special occasions” and advised attorneys and trial judges to exercise restraint in their utilization of Rule 54(b) to avoid “improper or unnecessary appeals.”
 
 Id.
 
 It further stated that before an attorney proposes a Rule 54(b) judgment to a trial court, he “should review
 
 Wright and Miller,
 
 Moore’s
 
 Federal Practice
 
 and Federal case law ... [and] trial judges should require such research and preparation before they even consider the propriety of granting it.”
 
 Id.
 

 ¶ 8. The supreme court advised the trial court not to issue a Rule 54(b) certification “unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.”
 
 Id.
 
 The United States Court of Appeals for the Fifth Circuit has concurred with this stance, stating that Rule 54(b) certification should only be granted by the district court “when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.”
 
 PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.,
 
 81 F.3d 1412, 1421 (5th Cir.1996);
 
 see also Page v. Gulf Oil Corp.,
 
 775 F.2d 1311, 1313 n. 2 (5th Cir.1985) (Rule 54(b) certification “should be reserved for a case where a delay in the appeal might result in prejudice to a party”).
 

 ¶ 9. In the present case, there was no discussion at the summary judgment hearing regarding a Rule 54(b) certification. However, the order for final judgment, which was prepared by counsel for Peco and entered by the trial judge, contained the Rule 54(b) language that there was “no just reason for delay.” The order did not contain any analysis or rationale for this conclusion. The Sixth Circuit Coui’t of Appeals has stated that a court should set forth its reasoning for issuing a Rule 54(b) certification.
 
 See Solomon v. Aetna Life Ins. Co.,
 
 782 F.2d 58, 61 (6th Cir.1986) (a district court should review “competing considerations” in making its Rule 54(b) certification, and “state the ones considered to be most important”). Although other federal jurisdictions have not extended this requirement for articulated reasoning in cases where it was evident that the certification was warranted, they have accorded less deference to those instances where the court failed to do so. See
 
 Feinstein v. Resolution Trust Corp.,
 
 942 F.2d 34, 40 (1st Cir.1991) (if the district court’s justification for a 54(b) certification is “both apparent and sufficient, appellate jurisdiction attaches notwithstanding the court’s failure to state its reasons”);
 
 Smith v. Half Hollow Hills Cent. Sch. Dist.,
 
 298 F.3d 168, 171 (2nd Cir.2002) (although there are rare situations where the reason for certification may be so obvious no explanation is necessary, in order “[t]o avoid an unnecessary remand, district courts are always better served by providing a brief statement of their reasons”);
 
 Carter v. City of Philadelphia,
 
 181 F.3d 339, 346 (3rd Cir.1999) (“the absence of an explanation by the district court [for its Rule 54(b)
 
 *339
 
 certification] does not pose a jurisdictional bar when the propriety of the appeal may be discerned from the record”);
 
 Fox v. Baltimore City Police Dep’t.,
 
 201 F.3d 526, 531 (4th Cir.2000) (deference is given to a district court’s “determination that a judgment is final and no just reason exists for delay”; however, less deference is accorded when “the court offers no rationale for its decision to certify”);
 
 Stockman’s Water Co. v. Vaca Partners, L.P.,
 
 425 F.3d 1263, 1265 (10th Cir.2005) (“clearly articulated” reasons should be given by a court when entering a Rule 54(b) certification “so that we can review a [Rule] 54(b) order more intelligently and thus avoid jurisdictional remands”);
 
 Ebrahimi v. City of Huntsville Bd. of Educ.,
 
 114 F.3d 162, 166 (11th Cir.1997) (although a district court is not required to provide a reasoning for certification in every case, the failure to do so nullifies any deference which might otherwise be accorded the decision to grant a Rule 54(b) certification).
 

 ¶ 10. In Mississippi, our supreme court has echoed this view.
 

 While we will not require a trial court to set forth specific reasons and findings prefatory to entering a Rule 54(b) judgment, we will look with disfavor on such judgment. Indeed,
 
 unless the reason the judgment was granted is clear from, the record,
 
 we will not search for a justification, but will vacate the appeal.
 

 Cox,
 
 512 So.2d at 901 (emphasis added). In this case, no explanation or reason was given by the trial court as to its justification for the entry of the final judgment for Peco, aside from the formulaic recitation of “no just reason for delay.” This failure by the trial court to include a reasoned explanation makes any review by this Court, as to whether there was an abuse of discretion in the entry of the Rule 54(b) judgment, merely speculative.
 
 See Solomon,
 
 782 F.2d at 61 (the district court’s failure to give a reasoned statement regarding its entry of a Rule 54(b) judgment makes any appellate “judgment as to the propriety of certification speculative, both as to whether any consideration was given to the order and what factors were considered”);
 
 see also McAdams v. McCord,
 
 533 F.3d 924, 928 (8th Cir.2008) (the district court’s failure to provide specific reasons for its Rule 54(b) certification, makes the review by the appellate court “more speculative and less circumscribed than would be the case had the court explained its actions more fully”). Consequently, this Court requested that the trial court submit additional findings regarding its reasoning for granting the Rule 54(b) certification. However, the trial court’s response was not instructive. It merely reiterated the court’s reasoning for granting summary judgment and, once again, stated that the Rule 54(b) final judgment was granted as “there is no just reason for delay.”
 

 ¶ 11. Although our supreme court has not required Mississippi trial courts to provide an articulated reasoning for a Rule 54(b) certification, we have stated that “[i]f there is nothing about a case that merits a Rule 54(b) judgment, this Court will dismiss the appeal despite a trial court’s mechanical use of the ‘no just reason for delay language.”
 
 Walters v. Walters,
 
 956 So.2d 1050, 1054(¶ 13) (Miss.Ct.App.2007) (citing
 
 Cox,
 
 512 So.2d at 900-01). Here, the record does not support the trial court’s entry of the Rule 54(b) judgment. There would not have been an inordinate delay in the trial proceedings if the trial court had not entered the Rule 54(b) certification. The trial date was set for October 29, 2007, only five weeks after the entry of the summary judgment in favor of Peco. It was merely upon Bailey’s filing of his notice to appeal that the trial judge granted a stay of trial proceedings pending the outcome of this appeal. In this case, the delay would have been minimal had
 
 *340
 
 Peco not requested, and the trial judge not certified, judgment pursuant to Rule 54(b).
 

 ¶ 12. Additionally, the underlying facts and the relationship of the claims involved were also factors against the entry of a Rule 54(b) judgment. In making a Rule 54(b) certification, it is proper for a court “to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.”
 
 Curtiss-Wright Corp.,
 
 446 U.S. at 8, 100 S.Ct. 1460. The United States Court of Appeals for the Sixth Circuit has reasoned that “the greater the overlap in the factual basis between the adjudicated and unadjudicat-ed claims, the greater the possibility that [a] court will have to revisit the same facts under a different theoiy in a second appeal.”
 
 Lowery v. Fed. Express Corp.,
 
 426 F.3d 817, 823 (6th Cir.2005). Rule 54(b) “attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.”
 
 Solomon,
 
 782 F.2d at 60. If there is “a commonality of operative facts” which underlies the claims and defenses of a case, Rule 54(b) certification is not warranted.
 
 Lowery,
 
 426 F.3d at 823. In
 
 Byrd,
 
 943 So.2d at 111(¶ 10), this Court found that the case, while involving multiple defendants, arose “from a single set of facts and raise[d] a limited number of issues.” Therefore, the granting of the Rule 54(b) certification, “as a practical matter, would result in piecemeal litigation.”
 
 Id.
 
 In the case currently before us, it was the combined acts of Peco and Bailey which allegedly contributed to the undivided injury which resulted, Myatt’s death. Therefore, we find that the “single set of facts” and relationship between the claims against Peco and Bailey were undeniably intertwined, thus making a Rule 54(b) certification in favor of Peco inappropriate.
 

 ¶ 13. Based on these factors, we cannot see where postponing the final judgment for Peco until the remaining claims could be adjudicated would have resulted in any prejudice, hardship, or injustice to any of the parties. Consequently, we conclude that the trial judge abused his discretion in granting a Rule 54(b) judgment in favor of Peco, and we dismiss this appeal for lack of jurisdiction.
 

 ¶ 14. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLEE PECO FOODS OF MISSISSIPPI, INC.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING AND CARLTON, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Rule 54(b) of the Federal Rules of Civil Procedure, which has similar language to the Mississippi rule, also requires an express determination that there is no just reason for delay.