# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00310-COA

JOHN CALVIN HOWARD                                                  APPELLANT

v.

ROLIN ENTERPRISES, LLC, LINDA WALKER,                              APPELLEES
INDIVIDUALLY AND DOING BUSINESS AS
ROLIN ENTERPRISES, LLC, AND CHARLIE
NORRELL

DATE OF JUDGMENT:              02/08/2016
TRIAL JUDGE:                   HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:     CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       DAVID M. SESSUMS
                               KIMBERLY WALKER NAILOR
                               W. RICHARD JOHNSON
ATTORNEYS FOR APPELLEE:        BENJAMIN LYLE ROBINSON
                               MICHAEL MADISON TAYLOR JR.
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   APPEAL DISMISSED FOR LACK OF
                               JURISDICTION - 08/08/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     John Calvin Howard attended a party at the Claiborne County Convention Center

(Convention Center), where he was assaulted by a group of fellow partygoers and sustained

injuries.  Howard brought suit against the following: Linda Walker, the owner of the

Convention Center, in her individual capacity and doing business as Rolin Enterprises, LLC

(Rolin); Charlie Norrell, who provided security services for the party, in his individual

capacity and doing business as Celebrity 1 Security; and Triston Moore, who coordinated the event. Walker and Rolin filed a motion for summary judgment, which the Claiborne County Circuit Court granted. Howard appeals. Because the circuit court's summary-judgment order and subsequent final judgment did not dispose of all parties involved in this matter or certify that the final judgment was entered pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, we must dismiss the appeal for lack of jurisdiction.

FACTS

¶2.      Walker, doing business as Rolin, owned the Convention Center, which she rented to third parties for various events. Moore rented[1] the Convention Center from Walker for the purpose of hosting a party following an Alcorn State football game on September 14, 2013. Howard and a group of his friends, including another young man named Michael Moseley, arrived to the Convention Center around 11:30 p.m. on September 14, 2013, as the party was well underway. Shortly after arriving, Howard and Moseley were on the dance floor when they were assaulted by other partygoers, one of whom was later identified as Justin Bailey. Security, including Norrell, broke up the fight and separated the two groups by sending Bailey and his accomplices outside, while telling Howard and Moseley to wait on-stage for a few minutes. After about ten to fifteen minutes, Howard and Moseley decided to leave the Convention Center. Norrell escorted them outside. As they were crossing the parking lot,

---

[1] The parties disagree as to whether Moore actually rented the venue from Walker, or whether Walker rented the venue to a third party, who then contracted with Moore. Further, the parties dispute whether Walker relinquished control over the venue on the evening in question. However, we decline to address these issues now because we are dismissing this case for lack of jurisdiction.

2

the same group from before attacked Howard and Moseley a second time. Howard maintains that Bailey stabbed him in the neck with a broken beer bottle. According to Howard, Norrell did not take any action to stop the fight, but merely watched it take place. The fight was finally broken up by a third party, and Howard was airlifted to the University of Mississippi Medical Center, where he was treated for lacerations to his neck, shoulder, and back.

¶3. Howard filed a complaint against Rolin, alleging that it had failed to maintain the premises in a reasonably safe condition. Howard then sought, and was granted, leave of court to file an amended complaint, joining Norrell, individually and doing business as Celebrity 1 Security, Moore, and Walker in her individual capacity. After obtaining leave of court, Howard amended his complaint accordingly.

¶4. The record reflects that process was served on Norrell on October 25, 2014, but does not show that Norrell ever filed an answer. Both parties in their appellate briefs agree that Norrell was served with process, but that Moore was not. The docket indicates that Norrell continued to be noticed of certain orders throughout discovery (including an order setting the pretrial conference date and a later order continuing the pretrial conference to another date), along with Walker and Rolin's attorneys. However, Norrell never filed any pleadings or responses of his own. Further, no entry of default judgment was ever entered against him.

¶5. Howard and Walker proceeded with discovery. Howard, Walker, and Moore provided depositions. Walker twice scheduled and noticed depositions for Norrell, but Norrell failed to appear both times. The only correspondence with Norrell included in the record is an email from Walker's counsel to Howard's, wherein Walker informed Howard on the night

3

before Norrell's second scheduled deposition was to take place that it would be cancelled, as Norrell told Walker that he was out of the state and would be unable to attend. Shortly thereafter, Walker and Rolin filed their motion for summary judgment, which, as stated, was granted without the judgment being certified pursuant to Rule 54(b).

DISCUSSION

¶6. "Because this issue is jurisdictional, we must address it on our initiative even though none of the parties have raised it on appeal." *Jackson v. Lowe*, 65 So. 3d 879, 881 (¶5) (Miss. Ct. App. 2011) (citing *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)). "Generally, only final judgments are appealable." *Id*. at (¶6). Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.* In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). "Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory." *Jackson*, 65 So. 3d at 881 (¶7) (citation omitted). "An interlocutory order without a Rule 54[(b)] certification is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure; this Court has no jurisdiction to hear it otherwise." *Id*. at 881-82 (¶7) (citation

4

omitted).

¶7.     Here, Moore is not a party to the action, because the record does not indicate that he was ever served with process. "When a complaint is filed, the clerk issues a summons, and both the complaint and summons must be served on the defendant in accordance with Rule 4 [of the Mississippi Rules of Civil Procedure]." *BB Buggies, Inc. v. Leon*, 150 So. 3d 90, 95 (¶8) (Miss. 2014). "[T]he mere naming of a person in a declaration and issuance of process without service thereof does not make him a party to the action . . . ." *State ex rel. Moak v. Moore*, 373 So. 2d 1011, 1012 (Miss. 1979).

¶8.     However, Norrell became a party to this action when he was served with process, despite the fact that he never filed any pleadings or indicated that he wished to defend himself against Howard's lawsuit. No default judgment was ever entered against Norrell. As such, he is still a party to the action, and the circuit court's final judgment—which makes no mention of Rule 54(b) and fails to utilize any of the operative language which would grant us jurisdiction pursuant to that rule—is not appealable. Therefore, we lack jurisdiction to hear this appeal.

¶9.     **APPEAL DISMISSED**.

**LEE, C.J., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.**