# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00293-COA

JOHN CALVIN HOWARD                                                APPELLANT

v.

ROLIN ENTERPRISES LLC AND LINDA                                  APPELLEES
WALKER

DATE OF JUDGMENT:            02/12/2018
TRIAL JUDGE:                 HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:   CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      DAVID M. SESSUMS
ATTORNEY FOR APPELLEES:      BENJAMIN LYLE ROBINSON
NATURE OF THE CASE:          CIVIL - PERSONAL INJURY
DISPOSITION:                 AFFIRMED - 05/21/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GREENLEE, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     In 2014, John Calvin Howard brought a negligence suit against Rolin Enterprises LLC; Linda Walker, in her individual capacity and doing business as Rolin Enterprises LLC; Charlie Norrell, in his individual capacity and doing business as Celebrity 1 Security; and Triston Moore as a result of a fight outside of the Claiborne County Convention Center. Walker and Rolin filed a motion for summary judgment, which the Claiborne County Circuit Court granted. Howard appealed to this Court, but his appeal was dismissed for lack of jurisdiction. Subsequently, the circuit court certified its grant of Walker and Rolin's motion for summary judgment pursuant to Mississippi Rule of Civil Procedure 54(b) making the judgment final. Howard now appeals that order against only Rolin and Walker. After review

of the record, we affirm.

## FACTS

¶2.    We refer to the facts from Howard's first appeal when discussing the incident and the procedural history:

> Walker, doing business as Rolin, owned the Convention Center, which she rented to third parties for various events. Moore rented[1] the Convention Center from Walker for the purpose of hosting a party following an Alcorn State football game on September 14, 2013. Howard and a group of his friends, including another young man named Michael Moseley, arrived to the Convention Center around 11:30 p.m. on September 14, 2013, as the party was well underway. Shortly after arriving, Howard and Moseley were on the dance floor when they were assaulted by other partygoers, one of whom was later identified as Justin Bailey. Security, including Norrell, broke up the fight and separated the two groups by sending Bailey and his accomplices outside, while telling Howard and Moseley to wait on-stage for a few minutes. After about ten to fifteen minutes, Howard and Moseley decided to leave the Convention Center. Norrell escorted them outside. As they were crossing the parking lot, the same group from before attacked Howard and Moseley a second time. Howard maintains that Bailey stabbed him in the neck with a broken beer bottle. According to Howard, Norrell did not take any action to stop the fight, but merely watched it take place. The fight was finally broken up by a third party, and Howard was airlifted to the University of Mississippi Medical Center, where he was treated for lacerations to his neck, shoulder, and back.
>
> Howard filed a complaint against Rolin, alleging that it had failed to maintain the premises in a reasonably safe condition. Howard then sought, and was granted, leave of court to file an amended complaint, joining Norrell, individually and doing business as Celebrity 1 Security, Moore, and Walker in her individual capacity. After obtaining leave of court, Howard amended his complaint accordingly.

---

[1] The following language appears in the cited opinion as footnote number one: "The parties disagree as to whether Moore actually rented the venue from Walker, or whether Walker rented the venue to a third party, who then contracted with Moore. Further, the parties dispute whether Walker relinquished control over the venue on the evening in question. However, we decline to address these issues now because we are dismissing this case for lack of jurisdiction." *Howard v. Rolin Enters. LLC*, 224 So. 3d 1264, 1265 n.1 (Miss. Ct. App. 2017).

2

The record reflects that process was served on Norrell on October 25, 2014, but does not show that Norrell ever filed an answer. Both parties in their appellate briefs agree that Norrell was served with process, but that Moore was not. The docket indicates that Norrell continued to be noticed of certain orders throughout discovery (including an order setting the pretrial conference date and a later order continuing the pretrial conference to another date), along with Walker and Rolin's attorneys. However, Norrell never filed any pleadings or responses of his own. Further, no entry of default judgment was ever entered against him.

Howard and Walker proceeded with discovery. Howard, Walker, and Moore provided depositions. Walker twice scheduled and noticed depositions for Norrell, but Norrell failed to appear both times. The only correspondence with Norrell included in the record is an email from Walker's counsel to Howard's, wherein Walker informed Howard on the night before Norrell's second scheduled deposition was to take place that it would be cancelled, as Norrell told Walker that he was out of the state and would be unable to attend. Shortly thereafter, Walker and Rolin filed their motion for summary judgment, which, as stated, was granted without the judgment being certified pursuant to Rule 54(b).

*Howard v. Rolin Enters. LLC*, 224 So. 3d 1264, 1265-66 (¶¶2-5) (Miss. Ct. App. 2017).

¶3. Subsequently, Howard appealed the circuit court's grant of Walker and Rolin's summary judgment to this Court. But this Court dismissed the appeal, stating that "[b]ecause the circuit court's summary-judgment order and subsequent final judgment did not dispose of all parties [Norrell] involved in this matter or certify that the final judgment was entered pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, we must dismiss the appeal for lack of jurisdiction." *Howard*, 224 So. 3d at 1265 (¶1).

¶4. After the appeal was dismissed, Howard filed a Rule 56(f) motion for further discovery, a motion to set aside entry of summary judgment in the circuit court, and a motion to compel discovery. Howard also issued a subpoena duces tecum to the Claiborne County

Sheriff's Department to produce its call records. In response, Walker and Rolin filed a motion to stay discovery and a motion for certification of final judgment under Rule 54(b). The circuit court granted Walker and Rolin's motion to stay discovery and their motion for certification under Rule 54(b). Accordingly, the court denied Howard's Rule 56(f) motion, his motion to set aside entry of summary judgment, and his motion for further discovery. Again, Howard appealed. This appeal is against Walker and Rolin. The case against Norrell remains active on the circuit court's docket.

## STANDARD OF REVIEW

¶5. "[An appellate court] conducts a de novo standard of review when considering a lower court's grant of summary judgment." *Levens v. Campbell*, 733 So. 2d 753, 757 (¶10) (Miss. 1999). "This entails reviewing all the evidentiary matters before it in the light most favorable to the party against whom the motion has been made." *Id.* "If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be affirmed; otherwise, it should be reversed." *Id.*

## DISCUSSION

¶6. Howard asserts six assignments of error on appeal. He states that the circuit court erred in: (1) granting summary judgment in favor of Walker and Rolin; (2) overruling his Rule 56(f) motion for further discovery; (3) denying his motion for entry of the court's order compelling discovery; (4) overruling his motion to set aside summary judgment; (5) granting Walker and Rolin's motion to stay discovery; and (6) granting Walker and Rolin's motion for certification of final judgment under Rule 54(b). Walker and Rolin maintain that the

4

circuit correctly granted summary judgment based on the evidence presented at the time of the motion and order. For clarity, we discuss issue one in subsection A and combine issues two through six in subsection B.

### A. Summary Judgment

¶7. In 2015, Walker and Rolin filed a motion for summary judgment stating that Howard had failed to produce evidence that they owed him a duty to protect him from third-party assailants or that they had actual or constructive notice of the violent nature of the assailant or knowledge of the atmosphere of violence.

¶8. The Mississippi Supreme Court has held that "[a] party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Ill. Cent. R.R. Co. v. Jackson*, 179 So. 3d 1037, 1044 (¶16) (Miss. 2015) (quoting M.R.C.P. 56(c)). "The moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Id.* "We consider the evidence in the light most favorable to the nonmoving party." *Id.*

¶9. Under Mississippi law, to be held liable for a third-party assault, the landowner must be shown to have "cause to anticipate" the assault either through "(1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence exists." *Corley v. Evans*, 835 So. 2d 30, 38 (¶26) (Miss. 2003). "Evidence of the existence of an atmosphere of violence may include the overall pattern of

5

criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises, as well as the frequency of criminal activity on the premises." *Id.* at 38-39 (¶26).

¶10. Here, Howard submitted a complaint-like response in opposition and Norrell's sworn recorded statement to the Sheriff's Office. The circuit court found both unpersuasive, stating that it granted the motion for summary judgment because "Howard has failed to set forth facts sufficient to create a jury issue on the duty prong of the prima facie case of negligence. . . . Howard provided neither competent evidence of Walker's actual and constructive knowledge of the alleged violent nature of the assailant nor Walker's actual and constructive knowledge of the atmosphere of violence." After review of the record, we agree. Accordingly, we do not find that the circuit court erred in granting Walker and Rolin's motion for summary judgment.

### B. Post-dismissal Motions

¶11. In 2017, after Howard's first appeal was dismissed for lack of jurisdiction, Howard attempted to present more evidence to the circuit court in response to Walker and Rolin's motion for summary judgment. Howard filed a Rule 56(f) motion in which he requested additional time to retrieve information from the Port Gibson Police Department or the Claiborne County Sheriff's Department (or both) and to allow him to take Norrell's deposition. He also filed a motion to set aside summary judgment and a motion to compel discovery, stating the difficulty he was having in getting Norrell to appear for a deposition.

¶12. While waiting on a ruling from the court, Howard was able to obtain call logs from

the Claiborne County Sheriff's Department by subpoena. Howard argues that these logs should have been considered as they go to the element of proving that Walker and Rolin had actual and constructive notice of the "atmosphere of violence" at the Convention Center. But, the circuit court denied Howard's Rule 56(f) motion, stating that the call logs were available at the time the motion for summary judgment was considered. The court further pointed out that Howard had the ability to subpoena the Sheriff's Office for the logs before the motion was granted in 2015 and chose not to issue one until 2017. We do not find that the circuit court erred in denying Howard's motions.

¶13. This Court has held that "Rule 56(c) requires that all matters upon which a party or the court may rely must be filed with the clerk and served on the other party **prior** to the hearing." *Lawrence v. Lawrence*, 956 So. 2d 251, 257 (¶15) (Miss. Ct. App. 2006) (emphasis added). "Failure to do so is fatal to the motion." *Id*. Here, the record reflects that Howard did not subpoena the Sheriff's Office until 2017 (two years after the motion was filed and an order was handed down); therefore, the circuit court properly found it should not be considered. Furthermore, we agree with the circuit court that to set aside the summary judgment and reconsider the evidence presented after the order would allow Howard a "second bite of the apple."

## CONCLUSION

¶14. In reviewing the record and applicable case law, we affirm the circuit court's decision to grant Walker and Rolin's motion for summary judgment. Additionally, we do not find that the circuit court erred in denying Howard's Rule 56(f) motion, his motion to set aside the

7

entry of summary judgment, or his motion to compel discovery.  Accordingly, we affirm the circuit court's decision to grant Walker and Rolin's motion to stay discovery and to certify the final judgment under Rule 54(b).

¶15.    **AFFIRMED.**

    **BARNES, C.J., CARLTON, P.J., GREENLEE, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., AND McDONALD, J., NOT PARTICIPATING.**