# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01583-COA

JASON BLANEY AND SHARON BLANEY                                    APPELLANTS

v.

BLACK JACK OIL COMPANY, INC.,                                        APPELLEES
ALDRIDGE OPERATING COMPANY, LLC,
AOC, LLC D/B/A ALDRIDGE OPERATING
COMPANY, WILLIAM GARDNER AND
COMOR INDUSTRIES

| | |
|---|---|
| DATE OF JUDGMENT: | 09/04/2019 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | LOUIS G. BAINE III |
| | THURMAN LAVELLE BOYKIN III |
| ATTORNEYS FOR APPELLEES: | DONNA MARIE MEEHAN |
| | JOSEPH JAMES VALENCINO |
| | DENNIS J. PHAYER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | APPEAL DISMISSED - 08/24/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.    Jason Blaney, an employee of Oil Tools & Supplies Inc. ("Oil Tools"), was injured while working at an oil well owned by Aldridge Operating Company ("Aldridge") on a workover rig owned by Black Jack Oil Company ("Black Jack"). Blaney sued Aldridge, Black Jack, William Gardner, and Comor Industries ("Comor"). Gardner owns Comor and had been hired by Aldridge as its "company man" to represent Aldridge onsite at the well. Oil Tools, Black Jack, and Gardner/Comor were all working on the rig, apparently all as

independent contractors for Aldridge. Blaney alleges that the defendants collectively "decided on an improper and unsafe procedure for retrieving/removing [a broken swab] line from the hole" and that the defendants' "negligence . . . was the proximate cause of [his] injuries and damages." All defendants entered appearances and answered the complaint.

¶2. Black Jack eventually filed a motion for summary judgment in which it argued that Blaney's claim failed because he had not designated an expert to testify that the procedure used to retrieve the swab line was negligent or that a safer alternative procedure should have been used. Aldridge filed a joinder in Black Jack's motion. The circuit court granted Black Jack's motion, and Blaney appealed.

¶3. Because Blaney's claims against Gardner and Comor remain pending in the circuit court, the order appealed from does not dispose of all claims against all parties—it is not a final judgment. In addition, the circuit court did not certify the order as final pursuant to Mississippi Rule of Civil Procedure 54(b). Nor would certification have been appropriate in this case. Because there is no appealable final judgment, this Court lacks appellate jurisdiction, and the appeal must be dismissed.

## FACTS AND PROCEDURAL HISTORY

¶4. Aldridge owns an oil well in Adams County. Aldridge hired Black Jack and Oil Tools as independent contractors to help convert the well to a saltwater well. On May 9, 2008, Oil Tools sent Blaney to swab the well, which involved running a "swab line" into the hole. While Blaney was swabbing the well, the swab line broke, leaving part of the line in the well.

2

Black Jack's crew was onsite and, according to Black Jack's president, available "to do whatever was needed to be done to get the line out of the hole."

¶5.    Black Jack employees met with Blaney and William Gardner, the "company man" hired by Aldridge to represent Aldridge's interests at the site. Together, the group agreed to use Black Jack's workover rig (a smaller rig used in the well conversion) to retrieve the swab line from the hole. Their plan involved running the swab line through a "rod elevator"[1] and then using the elevator to pull the swab line out of the well. Black Jack's employees secured the rod elevator to the swab line using a rope. The plan seemed to work initially, but then the rod elevator came loose and fell. Blaney was standing under the rod elevator at the time, and it struck him in the head and injured him as it fell.

¶6.    On May 5, 2011, Blaney filed a lawsuit in Adams County Circuit Court against Black Jack, Aldridge, Gardner, and Comor.[2] Blaney alleged that the defendants negligently used "an improper and unsafe procedure for retrieving/removing the [swab] line from the hole." All four defendants entered appearances and filed answers. Discovery produced little evidence as to what exactly caused the elevator to fall. Blaney himself testified that he did not "know how the rod elevator completely came off the line." The parties also produced little evidence regarding the proper method for retrieving a swab line from a hole. Black Jack's president, Kevin Wilson, who was not present at the time of Blaney's injury, testified

[1] A rod elevator is not an elevator in the common sense of the word. It is a tool that is used primarily to lower and raise pipe or other equipment into and out of a wellhole.

[2] Blaney's wife, Sharon, also asserted a derivative claim for loss of consortium.

3

that he "would not have done it that way." However, he could not say whether it was "negligent to do it that way," and he was not aware of any "industry standard" procedure for removing a swab line from a hole. Wilson also stated that they "could have . . . put a chain around the elevator" instead of securing it with a rope, but he had no idea whether the elevator fell "because it wasn't secured properly." Wilson testified that Gardner told Black Jack's employees to use the method that they used to attempt to retrieve the swab line.

¶7. In 2019, Black Jack filed a motion for summary judgment, arguing that Blaney's claims failed because he had not designated an expert to testify that the procedure used to retrieve the swab line from the hole was negligent or that a safer alternative procedure should have been used. Aldridge filed a joinder in Black Jack's motion.[3] Following a hearing, the circuit court granted the motion. Blaney then filed a notice of appeal.

**ANALYSIS**

¶8. An appeal may be taken only from a final judgment. *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013); Miss. Code Ann. § 11-51-3 (Rev. 2019). "Generally, a final judgment is one that adjudicates the merits of the controversy and settles all issues *between all parties*." *LaFontaine*, 110 So. 3d at 787 (¶8) (emphasis added). "Where a summary judgment dismisses some of the parties to a lawsuit, but not all of the parties, Rule 54(b) of the Mississippi Rules of Civil Procedure governs." *Fairley v. George Cnty.*, 800 So. 2d

---

[3] Both Black Jack and Aldridge had filed prior motions for summary judgment on other grounds, which the circuit court had denied.

1159, 1161 (¶4) (Miss. 2001). Rule 54(b) provides:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b). Thus, "an appeal from an order not dismissing all the parties to a lawsuit is interlocutory, absent certification as a final judgment by the trial judge." *Fairley*, 800 So. 2d at 1161 (¶4). "This Court will dismiss uncertified interlocutory appeals." *Id.* at 1161-62 (¶4).

¶9.     Here, the circuit court granted summary judgment in favor of Black Jack and Aldridge. However, Gardner and Comor are also parties to the action, as they were served with process and answered the complaint. *Howard v. Rolin Enters. LLC*, 224 So. 3d 1264, 1267 (¶8) (Miss. Ct. App. 2017). The circuit court's order granting summary judgment did not dispose of Blaney's claims against Gardner or Comor. Nor did the court's order mention Rule 54(b) or purport to certify the judgment as final. Accordingly, the court's order is not a final judgment and "is not appealable." *Id.* Therefore, we lack jurisdiction, and this appeal must be dismissed. *Id.* Although no party has raised this issue, "an appellate court must

5

address issues of jurisdiction on its own motion." *Hamilton v. Southwire Co.*, 191 So. 3d 1275, 1279 (¶15) (Miss. Ct. App. 2016).

¶10. During oral argument, we questioned the parties about the apparent lack of a final judgment and whether this Court had jurisdiction. That afternoon, Black Jack filed a motion asking us to remand the case to the circuit court "with instructions to enter a certification of final judgment as to Black Jack and Aldridge pursuant to [Rule] 54(b)." Aldridge and Blaney later joined Black Jack's motion. We conclude that Black Jack's motion should be denied.

¶11. "Rule 54(b) judgments must be reserved for rare and special occasions." *Cox v. Howard, Weil, Labouisse, Friedrichs Inc.*, 512 So. 2d 897, 900 (Miss. 1987). "Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Myatt v. Peco Foods of Miss. Inc.*, 22 So. 3d 334, 340 (¶12) (Miss. Ct. App. 2009) (quotation marks omitted). For that reason, "[i]f there is a commonality of operative facts which underlies the claims and defenses of a case, Rule 54(b) certification is not warranted." *Id.* (quotation marks omitted); *accord Reeves Constr. & Supply Inc. v. Corrigan*, 24 So. 3d 1077, 1083 (¶16) (Miss. Ct. App. 2010). In *Myatt*, a wrongful death suit, the plaintiff alleged that the "combined acts" of two defendants, Peco and Bailey, "contributed to the undivided injury which resulted." *Myatt*, 22 So. 3d at 340 (¶12). The circuit court granted summary judgment in favor of Peco only and certified the order as final pursuant to Rule 54(b). *Id.* at 336 (¶3).

6

However, this Court held that "Rule 54(b) certification in favor of Peco [was] inappropriate" because the plaintiff's claims against both defendants were based on a "single set of facts" and "were undeniably intertwined." *Id.* at 340 (¶12). Therefore, we held that the circuit court abused its discretion by granting a Rule 54(b) judgment, and we dismissed the appeal for lack of jurisdiction. *Id.* at (¶13).

¶12. In this case, Blaney similarly alleges that the defendants' combined acts caused his injuries. Specifically, the alleged negligence is that the defendants jointly "decided on an improper and unsafe procedure for retrieving/removing [the broken swab] line from the hole." In addition, Kevin Wilson claimed that Gardner, as Aldridge's "company man," was in charge and told Black Jack's employees to retrieve the swab line using the method they used. Blaney later relied on Wilson's testimony in successfully opposing Aldridge's prior motion for summary judgment. Thus, it is apparent that Blaney's claims against Aldridge, Black Jack, Gardner, and Comor all arise from a "single set of facts" and are all "intertwined." *Id.* at (¶12). Under these circumstances, Rule 54(b) certification of an order granting summary judgment in favor of fewer than all defendants would be inappropriate. *Id.* Therefore, we deny Black Jack's motion to remand the case to the circuit court and instead dismiss the appeal for lack of jurisdiction.

**CONCLUSION**

¶13. The order granting summary judgment in favor of Black Jack and Aldridge is not a final judgment because it does not dispose of Blaney's claims against Gardner and Comor.

Therefore, we lack appellate jurisdiction and must dismiss the appeal.

¶14. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**